O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN SANTIAGO CASTILLO,<br><br>                 Plaintiff,<br><br>      vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                 Defendant. | CASE NO. ED CV 14-01622 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Ivan Santiago Castillo seeks review of the Social Security Commissioner's decision denying his application for disability benefits. [AR 12 *et seq*.] Plaintiff asserts that the Administrative Law Judge committed three errors, requiring reversal of the decision. Finding no error, however, the Court affirms.

        The Administrative Law Judge found that Plaintiff had severe impairments related to his shoulders [AR 14], a residual capacity to perform medium level work except that Plaintiff was precluded from overhead reaching [AR15], and an ability to return to his past relevant work as a truck driver. [AR 18] Accordingly, the Administrative Law Judge found, Plaintiff was not disabled. [*Id.*]

        Plaintiff first asserts that there is an inconsistency between the Administrative Law Judge's finding that Plaintiff can perform his past relevant work as a truck driver, and his finding that Plaintiff was precluded from overhead reaching. He cites the listing for

truck driver in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES. That listing in part says that a truck driver may place stock on shelves or racks, may set up merchandise and sales promotion displays, may collect or pick up empty containers or rejected or unsold merchandise, and may load a truck. DICTIONARY, listing 292.353.010.

The DICTIONARY is a common reference for the Commissioner, and an administrative law judge often refers to it in determining the characteristics of a job. *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). An administrative law judge may deviate from the description of a job listed in the DICTIONARY, and rely instead on the testimony of a vocational expert, and the vocational expert's testimony therefore can stand as substantial evidence supporting the Administrative Law Judge's finding. *Light v. Social Security Administration*, 119 F.3d 789, 793 (9th Cir. 1997). Here, it is not at all clear that there *was* any inconsistency with the DICTIONARY's description of the truck driver job; the references Plaintiff makes are all to parts of a general description of what a truck driver "may" do, and presumably some truck drivers do these things and others don't, and the references are not to reaching, and therefore also are not to reaching overhead. But, if there were any doubt on the matter, the vocational expert was explicit in his testimony; he said that his testimony was consistent with the DICTIONARY "with the exception of the overhead, there is no specification as to what kind of reaching is involved in every job, and that is based on my expertise, 21 years of experience." [AR 41] This was sufficient for the Administrative Law Judge to rely on as a basis for his findings.

Plaintiff's second argument is that the Administrative Law Judge failed to properly consider Plaintiff's testimony and to make proper credibility findings. The Administrative Law Judge's findings were a bit thin here, *see Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996), but she did state that Plaintiff's testimony at the hearing did not credibly establish limitations greater than the functional limitation that she had found, and she did list facts that impeached that testimony. [AR 18] Thus, in precluding Plaintiff from jobs that require overhead reaching [AR 15], the Administrative Law Judge appeared to accept Plaintiff's testimony that he had trouble raising both arms over his head [AR 29],

and in finding that he could otherwise perform a medium level of work she appeared to reject his testimony that his ability to sit, stand and walk was more limited. [*Id.*] She gave reasons for finding his testimony not credible, including that he rides his bike and he volunteers at the local library. [AR 18] (The library volunteering involves "stocking," [AR 32] which suggests that his comment in this Court that the truck driver position is inappropriate because it may involve stocking is, at the least, misplaced.) In evaluating a claimant's testimony, an administrative law judge is entitled to use ordinary techniques for assessing credibility, *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989), and certainly activities that are inconsistent with claimed limitations provide a basis for disbelieving the claimant. *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).

Plaintiff's third argument is that the Administrative Law Judge failed to consider the opinion of Miryam Aragon, who is a Marriage and Family Therapist. Ms. Aragon completed a questionnaire, concluding that Plaintiff's mental impairments would have significant impacts on his ability to work. [AR 469-70] As the Administrative Law Judge noted, however, she was not considered an "acceptable medical source." [AR 17] *See* 65 FED. REG. 34,950 at 34,952 (June 1, 2000) (explaining deletion from regulations of provision that reports of interdisciplinary team were acceptable medical resources, and thereby undercutting *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996)). Moreover, the Administrative Law Judge found that Plaintiff exaggerated his complaints [*id.*], and that certainly was borne out by other facts she cited — such as Plaintiff's volunteering at the library, and reading a lot [AR 18] — and similar facts, including the more general daily living activities, also cited by the consulting psychiatrist, who examined Plaintiff just a few months before Ms. Aragon dated her questionnaire [AR 15-16], and an earlier psychiatric consultation which showed little limitation on Plaintiff's ability to function. [AR 16] The Court concludes that the Administrative Law Judge properly considered the evidence from Ms. Aragon, and did not commit error in finding that Ms. Aragon's opinion was entitled to limited weight.

There being no grounds for reversal, the decision of the Commissioner is affirmed.

DATED: March 16, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE